THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW YORK SCHOOL FOR THE DEAF, Relator, *v.* HOWARD E. TOWNSEND and Others, as Assessors of the Town of Greenburgh, Respondents.

Supreme Court, Westchester County, March 26, 1940.

*Bleakley, Platt & Walker* [*Arthur D. Brennan* of counsel], for the relator.

*Gerald FitzGerald* [*L. T. Gross, Jr.*, of counsel], for the respondents.

J. ADDISON YOUNG, Official Referee. The issue in these proceedings is whether the annual town levies made against relator's property for its share of the costs of construction and maintenance of the Knollwood Water District, the Fairview Ash and Garbage Disposal District, the Fairview Fire District and the Park Ridge Sewer District are legal or illegal.

The relator conducts a charitable institution and is concededly, under subdivision 6 of section 4 of the Tax Law, exempt from the payment of the annual State, county and town taxes, *i. e..* general taxes.

The relator does not claim exemption on the theory that the assessments in question are special assessments which by statute it has been expressly relieved from paying.

That was the issue in *Board of Education* v. *Town of Greenburgh* (277 N. Y. 193). In these proceedings the relator contends that the assessments are not special assessments at all, but taxes, and that it is entitled to exemption under subdivision 6 of section 4 of the Tax Law. This proposition is based on the provisions of the respective statutes governing the several improvement districts involved which it is asserted clearly provide for the raising of the revenue therefor by tax as distinguished from special assessment.

An examination of these statutes applicable to the Fairview Ash and Garbage Disposal District and the Fairview Fire District show that the expense involved in the construction and maintenance of the districts is to be levied, assessed and collected in the same manner and at the same time and by the same officers as the town taxes, and there is no provision requiring the assessments to be made in proportion to the benefits received. In the case of the Knollwood Water District, the statutes applicable are somewhat different, but the result appears to be the same, and there is no provision of the statute requiring the assessments to be made in proportion to the benefits received. In the case of the Park Ridge Sewer District, which was formed in 1932 under sections 230–249-a of the former Town Law (Laws of 1909, chap. 63, as amd.), the statute plainly requires that the petition should state that the cost of construction and maintenance should be assessed upon the property within the district in proportion to the benefits received.

In support of relator's contention that the charges complained of are taxes and not special assessments, the relator cites an opinion of the Attorney-General of the State, rendered in 1915 (Ops. Atty. Gen. [1915], vol. 2, p. 44), to the effect that the assessment there levied under section 263 of the former Town Law was a tax and not a special assessment, and that the charitable institution there involved was entitled to an exemption from the tax under subdivision 6 of section 4 of the Tax Law. This conclusion was apparently reached because of the language of section 263 of the former Town Law, which provided that the charge for the lighting district was to be levied and collected within the district in the same manner and at the same time and by the same officers as the town taxes, and there was no provision requiring that the assessment should be levied upon the property within the district in proportion to the benefits received. Similar rulings of the New York State Department of Taxation and Finance and the State Tax Com-

mission are referred to. However, no reported case, decisively upholding these rulings, has been cited by relator.

It seems clear enough that, by subdivision 6 of section 4 of the Tax Law the Legislature intended to exempt the relator from such taxation as it would, but for the exemption, have to share for governmental purposes with all other persons in a village or city or the State, and that it was not intended to exempt the relator from assessments made for the expense of improvements specifically beneficial to its property and to impose the whole of such expense upon other property or upon the public generally. This was the language used in the opinion in *Roosevelt Hospital* v. *Mayor* (84 N. Y. 108). Apparently this view was upheld in the case of *Nuns of Order of St. Dominic* v. *Town of Huntington* (268 N. Y. 580), which affirmed the Appellate Division, Second Department (241 App. Div. 820), which affirmed a judgment of the Supreme Court, Suffolk county. This case was an action for the removal of an alleged cloud on title caused by certain town water district taxes which had been levied against plaintiff's properties, which were tax-exempt under the general provisions of the Tax Law referred to. These taxes had been levied on the basis of assessed valuation upon all the property within the water district. The petitions for the establishment and extensions of the water district did not contain a statement that the cost of the water system should be assessed upon the property within the district in proportion to the benefits received. The question presented in the present case was raised in the briefs submitted to the Court of Appeals. The decision which was upheld by the highest court held that the water district was a public improvement created for the benefit of the inhabitants of a particular locality and was a local improvement which the plaintiff charitable institution was not exempt from paying.

My conclusion is that the relator is not exempt from paying the assessments complained of. The relator further contends that its property is not subject to the payment of the charges in question because the language of the statutes imposing the charges does not embrace the relator's property. I have examined this point and find it without merit. A decision may be presented in accordance with this memorandum to be settled on notice.