The Rector, Churchwardens and Vestrymen of Christ Church, Bronxville, New York, et al., Plaintffs, v. Town of Eastchester, Defendant.

Supreme Court, Westchester County, May 19, 1950.

*Edwin K. Bertine, Frederick F. Hufnagel* and *Joseph J. O'Connell* for plaintiffs.

*Raphael J. Macaro, Town Attorney,* for defendant.

GEORGE H. TAYLOR, JR., Official Referee. This is a reference to hear and determine. The action is brought by the four plaintiffs against the town. Each plaintiff alleges a cause of action in effect to remove a cloud on its title to real property, the cloud in each instance being a certain assessment.

Considerate of the evidence, admissions in the pleadings and stipulations on the trial, I make (Civ. Prac. Act, § 440) the following findings of fact by me deemed essential, viz., *as to the first cause of action,* alleged by plaintiff, the Rector, Churchwardens and Vestrymen of Christ Church, Bronxville, New York (hereinafter called "Rector"):—

(Findings omitted.)

As a conclusion of law from the facts so found, such plaintiff board [Board of Managers of the Diocesan Missionary and Church Extension Society of the Protestant Episcopal Church of the Diocese of New York] is entitled to judgment that its said exempt real property be declared exempt from special assessments for the town fire district, police district, garbage district, lighting district and water (fire hydrant rental) district; that the alleged said assessments against its property for the town fire district, police district, garbage district, lighting district, and water (fire hydrant rental) district for the year 1949 be adjudged void and cancelled of record, and that any municipal officer having custody of said assessment roll be directed to cancel the said assessments.

As indicated, plaintiffs seek to remove as clouds on title so-called "special district assessments" against exempt real property of plaintiffs. They claim that same are illegal and void and in law and fact general taxes from which plaintiffs' properties are exempt under section 4 of the Tax Law. All properties involved are affected by the fire district assessment. The property of the plaintiff board (fourth cause) is affected also by "special district assessments" for police, water, lighting and garbage districts. All properties involved are located within the town and are exempt from general municipal taxation (Tax Law, § 4, subd. 6). Within the boundaries of the town are included (1) the village of Bronxville, (2) the village of Tuckahoe and (3) the unincorporated area of the town of Eastchester. The boundaries of the fire district are coterminous with those of the entire town. The fire district furnishes fire protection to all within the town boundaries. The fire district was originally organized by resolution of the town board of July 11, 1916, pur-

suant to chapter 226 of the Laws of 1916. It has a board of fire commissioners elected by the public. The stipulations of fact and admissions in the pleadings leave the issue to be determined whether the so-called " special district assessment " for the fire district is, as plaintiffs claim, the subject of " general taxation " from which plaintiffs' properties are exempt, or whether, as defendant claims, it is a " special benefit assessment " to which section 4 of the Tax Law does not apply.

That the charge for fire protection is a tax levied on the entire town and not an " assessment against an improvement benefit district " is not doubtful under authority (*Roosevelt Hosp.* v. *Mayor of New York,* 84 N. Y. 108, 112; *Cooper Union* v. *City of New York,* 272 App. Div. 438, 440, affd. 298 N. Y. 578; *Matter of Construction of Tax Law* [§ 4, subd. 5], 33 N. Y. St. Dept. Rep. 340 [Cole, Comr.], confirmed 35 N. Y. St. Dept. Rep. 598, 603; *Matter of Knickerbocker Village* v. *Reid,* 256 App. Div. 973 (see Justice ROSENMAN's opinion in that record and in N. Y. L. J., July 5, 1938, p. 33, col. 1, affd. 281 N. Y. 861).

The case at bar is clearly distinguishable from *People ex rel. New York School for Deaf* v. *Townsend* (173 Misc. 906, affd. 261 App. Div. 841, affd. 298 N. Y. 645) in which the areas of " Fairview Fire District " and several other districts there involved were *not* coterminous with the town of Greenburgh. Where a levy is made on a city-wide, borough-wide, or, as here, town-wide basis, that levy is a tax and not an assessment (*Roosevelt Hosp.* v. *Mayor of New York, supra*).

That fire protection is a governmental function and the subject of general taxation is not doubtful (*Augustine* v. *Town of Brant,* 249 N. Y. 198, 204; *Springfield Fire & Marine Ins. Co.* v. *Village of Keeseville,* 148 N. Y. 46; *Oakes Mfg. Co.* v. *City of New York,* 206 N. Y. 221, 228).

Other sound considerations urged in the brief of plaintiffs' counsel lead to the conclusion that the charge for fire protection will be the subject of a " tax " and not " a special assessment ". The conclusion is justified and indeed compelled that the properties of the several plaintiffs are exempt from general taxation, that the levy for the fire district is one to provide services governmental in nature, which makes the levy a tax, the boundaries of the fire district being coterminous with the boundaries of the town, and there being no finding of special benefit to the properties of plaintiffs to justify a characterization of the fire district as a special district for which an assessment can be levied.

The only plaintiff affected by the so-called " special district assessments " for police, water, lighting and garbage districts

is St. Luke's Church (board, etc.). In the year 1949 for the first time the town levied against St. Luke's Church, in addition to the fire district assessment, the following "special district assessments", viz.:

| District | Amount of Tax |
| --- | --- |
| Water District | $11.89 |
| Police District | 83.32 |
| Lighting District | 11.90 |
| Garbage District | 40.99 |

The levy was made on the basis of assessed valuation. Each district was considered as being coterminous with the unincorporated area of the town. The town, about February 7, 1949, advised St. Luke's Church it would levy special district assessments for fire, police, water, lighting and garbage districts against the tax-exempt property of St. Luke's Church. The tax bills issued about April 1, 1949, included the levy. St. Luke's Church requested the town to cancel the special district assessments as being illegal and void. The town refused. The parties have entered into a stipulation of facts. This, with the admissions in the pleadings, leaves only two issues to be determined with respect to the police, water, lighting and garbage districts, viz.:—Whether the so-called "special district assessments" for the police, water, lighting and garbage districts of the town are, as plaintiffs claim, the subject of "general taxation" from which the property of St. Luke's Church is exempt, or "special benefit assessment" district to which the exemption (Tax Law, § 4) does not apply. Plaintiffs contend also that the districts have not been set up so as to create districts which are properly the subject of "assessments" as distinguished from general taxation.

I am of opinion and decide that the charge for services rendered through the police, water, lighting and garbage districts is a tax levied upon the entire unincorporated area of the town, a civil subdivision of the State and not an "assessment" against an improvement benefit district. In the town of Eastchester there are three separate areas, viz.:— (1) the village of Bronxville, (2) the village of Tuckahoe and (3) the unincorporated area of the town. In the two villages police protection, water for fire hydrants and other public purposes, public lighting and garbage collection are provided by the village. To provide similar services to the unincorporated area of the town a separate civil subdivision was necessary to be created, which the town called a "District", so that the people in the villages would not

have to share in the cost of these services furnished by the town to the unincorporated area. The mere creation of such a district does not make it a " special assessment district ", excluding property from the exemption granted by section 4 of the Tax Law.

A benefit district, the proper subject of a special assessment, is created by statutory authority on a finding that the improvement confers a special benefit to particular property beyond what is conferred by general taxation (*Matter of Hun*, 144 N. Y. 472) ; but a district created for allocation of general taxation to the area benefited by the governmental services supplied, namely, a " taxation district " is not a benefit district, the subject of a special assessment. The unincorporated area of the town here involved is similar to a borough, and an unincorporated area-wide levy is comparable to the borough-wide levy in *Cooper Union,* v. *City of New York* (272 App. Div. 438, affd. 298 N. Y. 578, *supra*).

The levy for the police, water, lighting and garbage districts is made on an unincorporated area-wide basis, the districts being created in order that the property located in the unincorporated area of the town could pay by taxation for the services rendered only in that area. Such services have been treated by the town until 1949 as the subject of general taxation. Then, at the suggestion of the Department of Audit and Control, the town first undertook to levy the special district assessments against exempt property, for such services.

Undoubtedly the services rendered by the police, water, lighting and garbage districts are governmental functions. As to police, see *Augustine* v. *Town of Brant* (249 N. Y. 198, *supra*) ; *People* v. *Adirondack Ry. Co.* (160 N. Y. 225, 236) and *Wilcox* v. *City of Rochester* (190 N. Y. 137). The levy for police protection is always the subject of general taxation (51 Am. Jur., Taxation, §§ 27, 68).

As to the function of the water district, same provides water for fire protection (hydrant rental) and for public purposes. The maintenance of necessary water supplies for fire protection is a governmental function (*Springfield Fire & Marine Ins. Co.* v. *Village of Keeseville,* 148 N. Y. 46, *supra,* and see *Village of Grand Ridge* v. *Hayes,* 271 Ill. 431).

Lighting for public streets is a governmental function. (*Harlem Gas Light Co.* v. *Mayor of New York,* 33 N. Y. 309, 327.)

In the collection and disposition of garbage the municipality discharges a governmental function (6 McQuillin on Municipal Corporations [2d ed. rev.] § 2796, p. 1058).

The statutes and resolutions under which the police, water, lighting and garbage districts were organized contemplated that the charge for such services will be the subject of a tax and not a special assessment.

As to the police department for the unincorporated area, same was created by a resolution adopted by the town board January 17, 1923. That resolution contemplates support of the police department by general taxation. It was adopted pursuant to chapter 21 of the Laws of 1922 (former Town Law, § 121-a), which provided for the annual raising " by taxation " of money to defray the expenses necessary for the preservation of the public peace of the town and contained other provisions indicating that *taxation* should be the means of raising the necessary funds. There is no authority for the creation of a police district as a special assessment district. The present statutory provisions (Town Law, §§ 150, 158; L. 1934, ch. 684, § 6, as amd.) indicate that police expense shall be a town charge and a tax.

As to water, on May 20, 1895, the town board adopted a resolution approving a contract with New Rochelle Water Company, apparently pursuant to statutory authority (L. 1889, ch. 369). Neither that statute nor the resolution contemplates the creation of an assessment district. There is no finding of benefit. A taxation district was actually created and considered as such until 1949, when it was characterized as an assessment district, which was never intended and never created.

As to lighting, on May 20, 1895, the town board adopted a resolution creating a " Lamp or Lighting District " under the provisions of chapter 79 of the Laws of 1893. The statute provided that the amount of any contract for lighting " shall be assessed, levied and collected upon the taxable property in said town or district in the same manner as town taxes, charges or expenses " (L. 1893, ch. 79, § 4). That the statute and resolution contemplated a taxation district and not an assessment district on the basis of benefit, is clear. There was no finding of benefit in the resolution. Upon the trial also it was established that the property of St. Luke's Church was not located within the district as created by the town. It was made on the basis of the entire unincorporated area of the town as the district. The proof fails to show that any such district was ever created.

As to garbage, by resolution of the town board, adopted July 19, 1922, a district was created and designated as a " Garbage District ". Its area was defined. On November 18, 1924, such

district was enlarged by resolution of the town board to include " all that part of the Town of Eastchester outside the incorporated Villages of Bronxville and Tuckahoe ". Former section 320 of the Town Law, in effect when these resolutions were adopted, authorized the town board to provide for the collection of garbage (L. 1921, ch. 145). The statute contemplated no special assessment district. In creating the garbage district the town board made no finding of benefit, but merely authorized the advertising of bids for a garbage removal contract. Later, in 1925 (L. 1925, ch. 476), after the town taxation district had been created, statutory authority was given for the creation of a district such as the one considered in *People ex rel. N. Y. School for Deaf v. Townsend (supra)*. The town board was justified in creating taxation districts to cover the unincorporated area of the town, in order to supply governmental services to that area and levy taxes on the area benefited. There was no intent to create special assessment districts. There was no finding of special benefit. The town board considered these districts as taxation districts since their creation respectively until 1949, when the districts were first characterized as special assessment districts.

The property of the plaintiff board (St. Luke's Church), is exempt from general taxation. The levy for each, police, water, lighting and garbage districts, is a levy to provide services governmental in nature, and such levy is therefore a tax. Such levy in each instance is based upon an area coterminous with the boundaries of the unincorporated area of the town of Eastchester. There is no indication of special benefit to the property of plaintiff board (St. Luke's Church), which would justify the characterization of these districts as being for a special benefit, in the sense that the tax could be considered as a special assessment.

Settle on five days' notice before me at Mount Vernon a single judgment granting to each plaintiff the relief indicated in the applicable conclusion of law *(supra)*. A single bill of costs is awarded to plaintiffs jointly, payable by defendant. Thirty days' stay is awarded to defendant and sixty days to make and serve a case.