Thomas M. Stark, J.
Petitioners, John E. O’Hara and Shirley O’Hara, petition this court for an order pursuant to section 556 of the Real Property Tax Law compelling the Suffolk County Board of Supervisors to refund certain taxes paid by them under allegedly erroneous and illegal assessments.
The petitioner, John E. O’Hara, owns certain improved property at 15 Saddle Lane, Town of Huntington, where he resides, which property is assessed at $2,850 and upon which he has a veterans’ exemption in the sum of $1,850. The issue here presented concerns the alleged tax for the maintenance and support of the Police Department levied pursuant to subdivision a of section 1210 of the Suffolk County Charter. (L. 1958, ch. 278, as amd.) The tax for the support of the operation of the Police Department for the tax year 1961-62 was $11.68 per one thousand dollars of assessed valuation which on the total assessed valuation of the petitioners’ property amounted to $33.29; if the exemption had been applied, the applicable tax would have been $11.68. For the tax year 1962-63, the tax rate was $15.74 per one thousand dollars assessed valuation for a tax on the total assessed valuation of $44.86, which tax would only have been $15.74 if the exemption had been applied. The petitioners have petitioned the Board of Supervisors of Suffolk County for relief and their petition has been denied.
The principal argument advanced by the county is contained in the opinion of the .State Comptroller of New York (17 Op. St. Comp., 1961, p. 1) which held that the Suffolk County Police Department is a special district, and, therefore, the exemption given to veterans by section 458 of the Real Property Tax Law is not applicable since the tax to support the Police Department becomes a special assessment and not general county taxation. (See, also, 11 Op. St. Comp., 1955, p. 91.) The county and the Comptroller argue that since section 458 is not set forth in section 490 that the exemption as to special taxation considered by section 490 does not apply to the so-called veterans’ exemption. It will be noted, however, that section 490 does not create an exemption from special taxation but limits the exemptions from special taxation created by some 22 sections set forth in the first paragraph of section 490.
*718 No conclusion ai to the intent of the Legislature can be drawn from their omitting to mention section 458 in section 490. Section 416 which creates an exemption for property owned by the United Nations explicitly exempts such property from all special assessments and such section is not mentioned in section 490. Section 427 purports to limit the exemption created for certain performing arts buildings to the scope set forth in section 490 but section 490 does not mention section 427. Certain other sections create exemptions for various properties, which sections make no reference to section 490.
In order to properly review the legislative intent as to the scope of the exemption created by section 458, we must consider the history of the veterans’ exemption. Section 4 of the Tax Law, as amended by chapter 339 of the Laws of 1931, continued the exemption upon certain veterans’ real property and provided that such property “shall be exempt from state, county and general municipal taxation, but shall be taxable for local school purposes, and for the construction and maintenance of streets and highways ”. It will be noted that chapter 86 of the Laws of 1946 broadened the scope of the veterans’ exemption by repealing the phrase ‘ ‘ and for the construction and maintenance of streets and highways ”. Subsequent to this amendment the Comptroller of the State of New York ruled that the veterans’ exemption now applied as against that portion of a general village tax rate which was applicable to street lighting purposes. (5 Op. St. Comp., 1949, p. 512.)
The last paragraph of so-called “ final paragraphs ” of former section 4 of the Tax Law specifically exempts subparagraphs 2 and 3 of the “final paragraphs” from operation upon the exemption created by subdivision 5 of section 4 of the Tax Law. Subdivision 4 of section 458 of the Beal Property Tax Law provides that the definition of the prior Tax Law is to apply when considering the scope of the veterans ’ exemption.
Subdivision a of section 1210 of the Suffolk County Charter directs the Board 'of Supervisors to raise the necessary funds for the support of the police district by levying a “ uniform tax ” on all the real estate “ subject to taxation ” within the police district. Subdivision 20 of section 102 of the Beal Property Tax Law defines taxation as follows: “ ‘ Tax ’ or ‘ taxation ’ means a charge imposed upon real property by or on behalf of a county, city, town, village or school district for municipal or school district purposes, but does not include a special ad valorem levy or a special assessment”. (Emphasis supplied.)
Pursuant to the direction of the Suffolk County Charter, the tax for the support and maintenance of the operational portion *719 of the police district is to be levied only upon that property ‘ ‘ subject to taxation ’ ’ and may not be levied on property which is not subject to taxation regardless of whether or not that property is subject to an ad valorem levy or a special assessment. Section 458 of the Eeal Property Tax Law declares that certain classes of veterans’ property (which class, it is conceded, includes the petitioners’ property) “ shall be exempt from taxation ”. The property, therefore, is not “ subject to taxation ” within the meaning of the charter, and accordingly, the levy here is illegal as to that portion of the petitioners’ property which is exempt.
The use of the word “ district ” or “ special assessment ” is not, in and of itself, conclusive, but the intent of Legislature and the applicability of the alleged assessment must be considered in arriving at the conclusion as to whether or not it is in principle a special assessment or whether in actuality it is a general tax levied for a governmental purpose.
As. the court said in Sharp v. Speir (4 Hill 76, 82): “ Our laws have made a plain distinction between taxes, which are burdens or charges imposed upon persons or property to raise money for public purposes, and assessments for city and village improvements, which are not regarded as burdens, but as an equivalent or compensation for the enhanced value which the property of the person assessed has derived from the improvement ”.
In a civilized society the primary function of government is the maintenance of order. The principal manner in which this is accomplished is through the Police Department acting as a branch of the executive in our system of government. There can be no more governmental function than the maintenance of the police. The contemplation of the charter as to the police force is that such force would be a county force and county-wide in scope and jurisdiction. This was put to the voters of this county, and five towns and certain of their included incorporated villages, elected to join the district, while the five remaining towns and certain other incorporated villages within the five joining towns, elected not to join the district. Assuming all the jurisdictions within the county had joined the district as the charter contemplated, the alleged special assessment would have been county-wide- in scope. It is still “county-wide” in that it covers the entire area which elected to formulate the Suffolk County Police Department. The use of the word district or special assessment is meaningless in view of the scope of the district and the taxes levied for its support. The district is not a “ local ” district nor is the tax an assessment levied for special *720 benefit. It is in fact a subdivision of a general county tax levied for the support of an arm of the county government. (Cooper Union v. City of New York, 272 App. Div. 438, affd. 298 N. Y. 578; Rector, etc. v. Town of Eastchester, 197 Misc. 943.) The petition is accordingly granted.