Per Curiam.

Police protection is a basic, necessary governmental function and as such is, in our opinion, the subject of general taxation against which a veteran’s real property tax exemption is applicable. Such protection was not made the basis *573 for special assessment or special district taxes by merely designating the protected area as a “ police district ’ ’ thereby depriving the veteran of his exemption. We do not view this to have been the intention of the Legislature when it enacted the Suffolk County Charter (L. 1958, ch. 278) providing, inter alia, for the establishment of the Suffolk County Police Department.
It seems clear that the Legislature adopted the device of denominating the tax in question as “ a uniform tax upon the real estate subject to taxation located within the county police district ” (Suffolk County Charter, § 1210) for the sole purpose of confining the burden of maintaining the police force to the towns electing to join the county Police Department, to the exclusion of those which do not so elect. Prom this it does not follow that the Legislature thereby intended to curtail the basic veteran’s exemption. We can perceive no logic or fairness in a situation where a veteran who resides in a town included within a county police district must lose the statutory exemption while one who lives in an adjoining town which has its own police force may continue to enjoy such exemption. So anomalous and incongruous an intent may not readily be imputed to the Legislature.
The order and judgment should be unanimously affirmed, without costs.
Concur — Gulotta, Pette and Groat, JJ.
Order and judgment affirmed, etc.