Howard T. Hogan, J.
In this tax certiorari proceeding, the petitioners challenge the legality of certain taxes levied against their real property. The petitioner, Edwin R. Morris, is a veteran of United ¡States military service. The County of Nassau has granted, for the current tax year, a veteran’s exemption .of $2,800 against the assessed value of the home owned by him and his wife.
The petitioners assert that the exemption should apply to taxes levied1 against ithe following taxing districts:
Town of Hempstead Lighting District
Town of Hempstead Park District
Town of! Hempstead Refuse Disposal District
North Merrick Fire District
Merrick-North Merrick Refuse and Garbage District
Nassau C'ounty Police District
North Merrick Public Library District
The respondents contend that these are special districts and that the exemption does not apply to taxes levied fór such districts.
*933 A recent case held that -a veteran’s exemption should he applied to taxes levied among residents of a town which elected to join the Suffolk County Police District. (O’Haira v. Board of Supervisors of Suffolk County, 42 Misc 2d 716, affd. 44 Misc 2d 572, affd. 24 A D 2d 843.)
In the case at bar, and at this court’s request, copies of resolutions and maps showing the boundaries of the districts were introduced to establish the geographical scope of each district and its manner of creation. These reveal the following:
(1) The Lighting District was created in 1960 by a resolution combining all the separate lighting districts in the town. In 1966, it became coterminous with the town and now includes all unincorporated areas in the town. The order .adopted by the board recites that ‘ ‘ service will be provided by the Long Island Lighting Company and the cost thereof assessed, levied and .collected from properties in the Town of Hempstead Lighting District, as extended, in the same manner and at the same time .as other Town charges; therefore, no capital expenditures will be required for the improvements ”.
The same order provides “ (b) That all of the property and property owners benefited are included1 within the limits of the district as extended ”.
(2) The Town of Hempstead Park District was created in 1961 by section 300.10 of the Nassau County Civil Divisions Act (L. 1939, ch. 273, as amd. by L. 1961, ch. 910) and includes all "unincorporated areas in the town except their existing park districts. Section 300.14 provides that the expenses of public improvement “ shall be assessed, levied and collected from the several lots and parcels of land within the said' town of Hemp-stead park district in the same manner and at the same time as other town charges.”
(3) The resolution of June 28, 1949, approving the Hemp-stead Refuse District recites that ‘ ‘ (.a) All of the property and property owners within the proposed Town of Hempstead Refuse Disposal District are benefited thereby ”, and the resolution allocates $2,500,000 for property, improvements and expenses.
(4) Similar resolutions cover the Merrick-North Merrick Refuse and G-arbage District and the North Merrick Fire District, all reciting the. benefit to all the property and property owners within the district.
(5) The Nassau .County Police Act, enacted in 1925 (L. 1925, ch. 451), constituted the entire area- of the county outside of *934 a city or village as a separate police district. This law was superseded by chapter 8 of the Nassau County Administrative Code (L. 1939, chs. 272, 701-709, as amd.) and section 801 et seq. of .the Nassau County Government Law (L. 1936, ch. 879, as amd.). Section 8-18.0 of the Administrative Code creates the district in ‘ ‘ that part of the county outside of any city, village or the Port Washington police district ” and contains provisions for enlarging or reducing the size of the district as local .areas so choose.
(6) The North Merrick Library District was established by resolution of Union Free School District No. 29, adopting a proposition which included a .statement that the “ support and maintenance * * * [shall be] * * * raised by tax upon the taxable property ¡of said school district.”
In the O’Hara case (42 Misc 2d 716, 719, supra) the court quoted from Sharp v. Speir (4 Hill 76, 82) as follows: “ ‘ Our laws have made a plain distinction between taxes, which are burdens or charges imposed upon persons or property ito raise money for public purposes, and assessments for city and village improvements, which are not regarded as burdens, but as an equivalent or compensation for the enhanced value which the property of the person assessed has derived from the improvement. ’ ”
The basic nature of a tax levy cannot :be changed by labeling the levy with a different label. Police protection, lighting, parks, garbage disposal and fire protection are, as indicated by the resolutions, of basic public good and of general benefit to .all within the district. These are not special assessments as defined above.
By definition in subdivision 14 of section 102 of the Real Property Tax Law the word ‘ ‘ taxation ’ ’ excludes special ad valorem taxes, which .are in turn defined as charges “ imposed upon benefited real property in the same manner and at the same time as taxes for municipal purposes to defray the cost, including operation and maintenance, of a special district improvement or service, but not including any charge imposed by or on behalf of .a city or village. ”
This would be the situation at bar.
Petitioners’ exemption is set forth in paragraph (3) of subdivision 1 of section 458 of the Real Property Tax Law which provides, in part, as follows:1 ‘ Such real property, to the extent of the exemption entered by the assessors, shall be exempt from state, county and general municipal taxation, but shall be taxable for local school purposes.”
*935 However, subdivision 4 of section 458 specifies that the definitions in section 102 do not apply, but that the former definitions under the old section 4 of the Tax Law shall control.
Under the ‘ ‘ old ’ ’ law, the unnumbered paragraph following subdivision 21 of section 4 of the Tax Law, defined 16 taxation ’ ’ as
“1. Taxes levied upon real property for the purposes of the state, counties, cities, towns, villages and school districts except as provided in subdivision two of this paragraph.
“2. Charges whether known as ‘taxes’ or ‘assessments’, levied * * * upon real property in fire districts, fire alarm districts and fire protection districts for the purposes of the district, and similar charges relating to fire service required by law to be levied upon real property in the area of towns outside villages and such districts.
“ 3. Assessments * * * in relation to a special or district improvement or a special or district service against real property located outside cities and villages * * * except ”,
The effect of this paragraph is an intricate weave of definition, exemption and coun'terexemption. However, reading the “ old law” as a whole, it appears the legislative intent to include in the definition of “ taxation ”, all municipal charges whether they be denominated municipal taxes, assessments, or ad valorem taxes except for (1) fire districts, (2) enumerated special districts which usually are subject of special assessments. Former section 4 goes on to exempt the exceptions set forth in paragraphs 2 and 3 where the exemption is a veteran’s exemption.
By definition, therefore, all of the charges in the case at balare included in the term of “ taxation ”, from which the petitioner is partially exempt.
The library, however, created by the Board of Education, is supported by additions to the school tax, and school taxes are not included in the current exemption. Thus, particularly where the cost of the library is extended into the over-all school rate, the library district cost should be charged without regard to the veteran’s full assessment. See paragraph (3) of subdivision 1 of section 458 creating ‘the exemption and specifically providing that the real property shall be taxable for local school purposes.
The network of special districts performs a very practical function in the management of a town’s affairs. The respondents, however, cannot utilize the form adopted by the town to deny the veteran of the substance of his exemption. It would be a strange result, indeed, if the court Avere to find thi s veteran not able to apply his exemption to such necessary services but *936 to uphold the same exemption to another veteran who lives within a city or village. The extent of the veteran’s exemption should not vary according to the location in which the veteran chooses to live.
The court finds that all assessments, except that for the library district, are illegal to the extent they reflect a taxation of the exempt portion of the property assessed.