Jasen, J.
In this tax assessment review proceeding, we are asked to determine whether the provisions of section 458 of the Real Property Tax Law, which exempt a veteran’s property from “ state, county and general municipal taxation ”, extend to special assessment and special ad valorem levies for improvement districts.
The petitioner, Edwin R. Morris, an honorably discharged veteran, was granted a veteran’s real property tax exemption by the respondent Board of Assessors of Nassau County in the *627 amount of $2,800 against the assessed value of his residence in Nassau County, owned 'by him and his wife. In granting the tax exemption, the board ruled the exemption did not apply to certain special districts.[1] Petitioners brought a proceeding, pursuant to article 7 of the Real Property Tax Law, to challenge this determination. Special Term ruled that the veteran was exempt from all special district levies, and that the exemption granted to the petitioner should have been applied to the special district charges, except the library district levy which was held to be included in the phrase “ local school purposes ”. The Appellate Division affirmed, without opinion. We granted leave to consider this important question of real property tax law.
A tax exemption for veterans of military service is authorized by section 458 of the Real Property Tax Law. Generally speaking, property purchased with specified eligible funds granted in recognition of military service may qualify for exemption from State, county and general municipal, but not local school taxation (§ 458, subd. 1, par. [3]).
To determine the scope of the exemption authorized by section 458, it is necessary to consider subdivision 4 of this section, which provides that definitions set forth in section 102 of the Real Property Tax Law “ shall not apply to this section and the terms used in this section shall have the same meaning as they had prior to the enactment of this chapter.” For definitions, then, we must look to the so-called “ closing paragraphs ” of fórmer section 4 of the Tax Law (L. 1953, ch. 876), in effect when section 458 was enacted.
There, insofar as pertinent, we find the following:
“The term ‘taxation’, as used in this section, includes: 1. Taxes levied upon real property for the purposes of the state, counties, cities, towns, villages and school districts except as provided in subdivision two of this paragraph.
“ 2.. Charges whether known as ‘ taxes ’ or ‘ assessments ’, levied * * . * upon real property in fire districts, fire alarm districts and fire protection districts for the purposes of the *628 district, and similar charges relating to fire service required by law to be levied upon real property in the area of towns outside villages and such districts.
“ 3. Assessments levied * * * for or in relation to a special or district improvement or a special or district service against real property located outside cities and villages, or such assessments for such purposes against real property in county improvement districts or district corporations (other than fire districts) ”.[2]
Former section 4 further provides that “ [t]he provisions of subparagraphs two and three of this paragraph shall not apply to real property which is exempt, or may be exempted in whole or in part, from general taxation pursuant to subdivisions five, five-a, five-b ”. These latter subdivisions of former section 4 contain the veteran’s exemption provisions.
It should be abundantly clear, therefore, that because of the exception of special district charges and assessments from the governing definition of taxation found in former section 4, the scope of the veteran’s exemption is thereby specifically limited.[3] Moreover, the clear language of the closing paragraphs of former section 4 of the Tax Law merely confirmed prevailing law and practice.[4] **Prior to the enactment of the closing paragraphs, our courts had held that property partially exempt from taxation under the various subdivisions of former section 4 of the Tax Law, was not exempted from special district charges and assessments. (E.g., People ex rel. New York School for Deaf v. Townsend, 173 Misc. 906, affd. 261 App. Div. 841, affd. 298 N. Y. 645; Nuns of Order of St. Dominic v. Town of Huntington, 268 N. Y. 580; but see Rector, Church of Christ v. Town of Eastchester, 197 Misc. 943.)
Subsequent to the enactment of the closing paragraphs (L. 1953, ch. 876), the State Comptroller has continued to adhere to this view (11 Opns. St. Comp., 1955, p. 91; 17 Opns. St. Comp., 1961, p. 1) and, we are advised, it is the practice State-wide not *629 to apply the veteran’s exemption to special district charges and assessments. (E.g., State Board of Equalization and Assessments, Outline of Exemptions from Real Property Taxes and Assessments [June, 1953].) The practical construction given this statute by those charged with administering it is, in accord with accepted canons of construction, of some aid in ascertaining legislative intent. (See McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 129.)
O’Hara v. Board of Supervisors of Suffolk County (42 Misc 2d 716, affd. 44 Misc 2d 572, affd. no opn. 24 A D 2d 843) has been urged in support of the petition. We believe, however, that the courts misconstrued the “ closing paragraphs ” of former section 4 of the Tax Law and disapprove of the conclusion there reached.
We recognize that inequities in individual cases may result from our holding that the veteran’s exemption is inapplicable to special district charges and assessments. But it is not for us to rewrite the applicable statutes. If veterans living in unincorporated areas are to have, with their city and village brethren, the full benefit of their exemptions, it is for the Legislature to say so.
Accordingly, the order of the Appellate Division should be reversed and the petition dismissed.
Chief Judge Bbeitel and Judges Jones, Rabin and Stevens concur with Judge Jasen ; Judges Gabbielli and Wachtleb dissent and vote to affirm on the opinion by Mr. Justice Howabd T. Hogan at Special Term.
Order reversed, without costs, and petition dismissed.

. The special districts were: Town of Hempstead Lighting District, Town of Hempstead Park District, Town of Hempstead Refuse Disposal District, North Merrick Fire District, Merrick-North Merrick Refuse and Garbage District, Nassau County Police District.

. The exceptions noted therein are not relevant for our present purposes.

. See letter from State Comptroller J. Raymond McGovern to Governor Thomas E. Dewey, April 8, 1953 (Bill Jacket Collection, L. 1953, ch. 876).

. See letter from Samuel M. Birbaum, Counsel to the Director, Division of Veterans’ Affairs to George M. Shapiro, Counsel to the Governor, March 18, 1953 (Bill Jacket Collection, L. 1953, ch. 876).