LEWIS BRAUN, Claimant, *v.* STATE OF NEW YORK et al., Defendants. (Claim No. 31318.)

Court of Claims, December 17, 1952.

*Monroe Steinhacker* and *Erwin Greenberg* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Donald C. Glenn* of counsel), for State of New York, defendant.

Sylvester, J. This claim is one to recover damages for personal injuries arising out of the alleged negligence in the maintenance of walks in and about the buildings and dormitories comprising the State University of New York Teachers College at Oswego, N. Y. The State moves to dismiss the claims as against the Dormitory Commission of the State University of New York, Teachers College at Oswego, State University of New York, Teachers College at Oswego, and Dr. Thomas Miller, as Acting President of State University of New York, Teachers College at Oswego, N. Y., on the ground that the court does not have jurisdiction of those parties or of the subject matter of the claim as against them.

Though all actions to recover sums of money against the State, its agencies and departments must be prosecuted in the Court of Claims (*Samuel Adler, Inc.,* v. *Noyes,* 285 N. Y. 34; *Breen* v. *Mortgage Comm.,* 285 N. Y. 425), the sole litigant in the role of a defendant in this court is the State of New York. Jurisdiction of the court is so limited by statute (Court of Claims Act, §§ 8, 9). Accordingly, additional party defendants cannot be joined with the State (i.e., County of Westchester; in *Town of Cortlandt* v. *State of New York,* 51 N. Y. S 2d 802), though the trial of the same issues against each, prosecuted in different tribunals, might produce anomalous results.

Moreover, the Dormitory Authority of the State of New York (sued herein as the Dormitory Commission of the State University of New York) is a separate body politic, for whose tortious acts the State is not responsible. Authorized by section 5 of article X of the State Constitution, it was created by chapter 524 of the Laws of 1944 (Public Authorities Law, §§ 1430–1433) as " a public benefit corporation ". The board consists of the State Commissioner of Education, the State Comptroller and five members appointed by the Regents for a term of three years (§ 1432). Generally, the function of the corporation is to erect and maintain dormitories for the use of students at certain State colleges where a shortage of such accommodations exists (§§ 1431–1433-a, inclusive).

Further reference to the provisions of the Public Authorities Law evidences a distinct connotation of separateness and juridical distinction of the Authority from the State. Among the **enumeration of general powers granted to it by section 1433,**

is the right to sue and be sued; to have a seal; to make its own by-laws; to acquire, hold and dispose of personal property in its own name, though the acquisition of realty must be in the name of the State; to make contracts and execute instruments of every description, subject, however, to the requirement that construction and equipment of dormitory agreements must have the approval of the State Director of the Budget in relation to cost; to maintain, reconstruct and operate such dormitories until the cost thereof and the outstanding bonds have been liquidated; to fix and collect the rentals for the use of the dormitories; and to borrow money on its own bonds.

It is also to be noted that the moneys of the Authority are maintained in its own accounts, drawn by its own authorized officers, except that sums derived from State appropriations or sales of bonds and all moneys constituting reserve funds are paid to the State Comptroller as agent of the Authority, not to be commingled with other funds and to be kept in a separate bank account. Also, while payment of moneys in such account is made by the Comptroller, it must be done on the requisition of an authorized person of the Authority. Funds of the Dormitory Authority are made available to it by the sale of its negotiable bonds in the aggregate amount not to exceed $2,000,000 for each dormitory, and upon which obligations, it is to be observed, the State is not liable (§ 1436).

The foregoing evidences a legislative intention to create an independent corporate agency with governmental functions delegated to it by the State, as distinguished from a mere arm of the State through which the State acts directly in carrying out the governmental function. Such delegation of function is found, for example, in a city, county or village; also in a school board or a local board of health to which State functions are delegated. In such situations there is no basis for claim against the State (*Pantess* v. *Saratoga Springs Authority*, 255 App. Div. 426, 428). Suit against the Authority would reside in another tribunal.

The motion to dismiss the claim as against all defendants other than the State of New York, is therefore granted.