STATE UNIVERSITY OF NEW YORK, Plaintiff, *v.* SYRACUSE
UNIVERSITY, Defendant.

Supreme Court, Special Term, Albany County, October 1, 1954.

*Irving I. Waxman, Ruth L. Iles* and *Thomas Burke* for
plaintiff.

*William D. Johnson* for defendant.

TAYLOR, J.  Upon the contention that it is an instrumentality
of the State engaged in carrying out a governmental function —
hence, the State itself — and as such not subject to suit in any
of its courts save the Court of Claims, the plaintiff moves pur-
suant to rule 109 of the Rules of Civil Practice to dismiss the
defendant's counterclaim on the ground that the Supreme Court
has no jurisdiction of the subject matter thereof.

The problem which the motion poses is whether the plaintiff
is only an agency of the State in the performance of its educa-
tional functions or has been delegated governmental powers to
be exercised apart from State liability. (*Pantess* v. *Saratoga
Springs Auth.,* 255 App. Div. 426; *Samuel Adler, Inc.,* v. *Noyes,*
285 N. Y. 34.)

The plaintiff was created by an act of the Legislature (Educa-
tion Law, § 352; L. 1948, ch. 695, as amd.) which reads, in part,
as follows: " 1. There is hereby created in the state education
department within the higher educational system of the state
as established under the board of regents a corporation to be
known as the state university of New York which shall be

responsible for the planning, supervision and administration of facilities, and provisions for higher education supported in whole or in part with state moneys in accordance with the provisions of section three hundred fifty-eight hereof, and to perform such other duties as may be entrusted to it by law. Such corporation shall have the care, custody, control and management of the lands, grounds, buildings, facilities and equipment used for the purposes of the state-operated institutions of the state university, and it shall have power to protect, preserve and improve the same." Certain planning and administrative functions are delegated to its trustees " Subject to the general supervision and approval of the board of regents ". (§§ 354, 355, 355-a, *supra*.) At least one of its executive officers shall be a designee of the Commissioner of Education. (§ 353, subd. 3.) Its trustees shall avail themselves of the existing personnel and facilities of the State Education Department. (§ 353, subd. 4.) Its budget and appropriational requests must be reviewed by the Commissioner of Education and incorporated in the Education Department's budget. (§ 355, subd. 1, par. [f].) Appropriation of real property by the State University must be in accordance with section 307 of the Education Law which provides that owners of real property so appropriated may file their claims therefor in the Court of Claims. (§ 355, subd. 2, par. [a]; § 307, subd. 13.) In proceedings instituted by it to evict owners or occupants from real property so acquired, no execution shall issue for costs, if any, awarded against the State or the State University in such proceedings. (§ 307, subd. 11.) Classification and allocation of the members of the faculties and supervising staffs of the institutions comprising the State University must be approved by the Director of the Budget. (§ 355-a, subd. 1.)

Those statutes indicate that the Legislature intended to create a mere corporate agency within the State's Department of Education directly to carry out certain of its governmental functions in respect of higher education. As such it has immunity from suit in the Supreme Court. (*Breen* v. *Mortgage Comm. of State of N. Y.*, 285 N. Y. 425; *Pauchogue Land Corp.* v. *Long Island State Park Comm.*, 243 N. Y. 15; *Conklin* v. *Palisades Interstate Park Comm.*, 282 App. Div. 728; *People* v. *Greylock Constr. Co.*, 213 App. Div. 21; *Switzer* v. *Commissioners for Loaning Certain Moneys of U. S. of N. Y. Co.*, 134 App. Div. 487; *Matter of Pink*, 34 N. Y. S. 2d 758.)

The Dormitory Authority which was held in *Braun* v. *State of New York* (203 Misc. 563), to be an independent State agency

not subject to suit in the Court of Claims was a "public benefit corporation" whose functions were to erect and maintain housing units for the use of students at State colleges where a shortage of such accommodations existed on a self-liquidating basis similar to that employed by the Legislature to further such public improvements and enterprises as parkways, bridges, regional markets, trade and commerce, water supplies, industrial exhibits, sewers, hydroelectric power development systems and the like. (See Public Authorities Law, *passim,* and 1939 Report of N. Y. Law Revision Commission, pp. 385–389.) The governmental functions delegated to the corporate instrumentality in that case clearly distinguish it from the one at bar.

The motion is granted and the counterclaim is dismissed. without costs.

Submit order.