Hugh S. Coyle, J.
Each of the petitioners herein have brought separate proceedings against the City of Bye, and joined the County of Westchester as a party, to review the levy by the City of Bye of a sewer tax on the assessed values of their special franchises. The respondents have moved for summary judgment, pursuant to 3212 CPLB, to dismiss each of the petitions. The parties hereto have agreed or acquiesced to having the issues herein decided as though the three separate proceedings were consolidated for the purposes of this motion.
The assessed values of the special franchises of the petitioners within the City of Bye, as fixed by the State Board of Equalization and Assessment, were apportioned between the Blind Brook Sanitary Sewer District and Mamaroneck Valley Sanitary Sewer District, which were established by the County of Westchester, and a sewer tax was levied by the City of Bye on such apportioned assessed values for the years 1962 and 1963. The petitioners claim that the levy of the sewer tax is invalid on the ground that a special franchise is not a lot or parcel of land subject to tax or assessment under section 168 of the Administrative Code of the County of Westchester (L. 1948, ch. 852, as amd.) and the special franchise is not benefited by the said sanitary sewer districts. The respondents contend that the special franchises of the petitioners are subject to tax under the Administrative Code and Beal Property Tax Law and the sewer tax was levied as an ad valorem tax and not as a special assessment.
There is a recognized difference between a tax and an assessment in that an “ assessment is confined to local impositions upon property for the payment of the cost of public improvements in its immediate vicinity and levied with reference to special benefits to the property assessed ”, and a tax is the imposition of a charge on all property in a prescribed area. (Cooley, Law of Taxation [4th ed.], pp. 105-107.) In Matter of Knickerbocker Vil. v. Reid, N. Y. L. J., July 5, 1938, p. 33, col. 1, affd. 256 App. Div. 973, affd. 281 N. Y. 861, Justice Boseumau describes this difference between a tax and a local assessment as follows:
1 ‘ In other words, if the charge is levied upon all the property within the geographical limits of a borough of the city in proportion to the valuation of the property, the charge is a tax rather than an assessment, even though it might have been levied for the general purposes for which a local assessment might also have been levied. Such a charge is not based upon *670 any theory of a special benefit to one or more particular local pieces of property. A local assessment, however, is designed to measure the increase in value which a special piece of property in a definite local area is given by reason of a particular local improvement.
“A borough-wide assessment, such as here involved, is one which is imposed upon all property within the borough without regard to special benefits conferred by a public improvement. A local assessment is one placed upon particular properties in proportion to the particular benefits accruing as a result of the local expenditure.
‘ ‘ The assessment involved in this case was levied at a specific percentage of the assessed valuation of the real estate of the city and borough, and therefore does not fall within the category of local assessments levied according to special benefits.”
Similarly, in Cooper Union v. City of New York (272 App. Div. 438, 440, affd. 298 N. Y. 578) the court, in following the Knickerbocker Vil. case, said: “ All of the levies involved in this controversy were apportioned by the Board of Estimate on a city-wide or borough-wide basis. They did not fall within the category of local assessments levied for special benefit.”
In this instance, the sewer tax was levied at a specified rate of the assessed valuations of real estate in the City of Bye, including the special franchises of the petitioners, within the two sanitary sewer districts and included the entire city. Where a levy is made on a city-wide basis, as here, that levy is a tax and not an assessment. (Rector etc., Christ Church v. Town of Eastchester, 197 Misc. 943; Knickerbocker Vil. v. Reid, supra; Cooper Union v. City of New York, supra.) The cases cited by the petitioners fall within the category of local or special assessments levied according to special benefits. In those cases the assessments were made in proportion to the special benefits received and they are not applicable here.
Section 168 of the Westchester County Administrative Code provides that: ‘ ‘ All lots or parcels of land within any sewer district * * * shall be subject to the taxes or assessments * * * to pay the cost of maintaining such sewers * * * no lots or parcels of land in any county sewer district shall be exempt from the taxes and assessments to be imposed as provided by this title, except such as may belong to the United States or be used as a cemetery or property acquired by the state or county for park or parkway purposes ”.
These are the only exemptions mentioned in title C of article 9, of the Administrative Code and are reiterated at various *671 places in said title C. “ Laws exempting property from taxation are to be strictly construed. Taxation is the rule; exemption is the exception, and before any one can claim exemption from what would otherwise bo his just share of a tax or assessment, he must find a plain warrant for such exemption in the law.” (Roosevelt Hosp. v. Mayor, etc., of City of New York, 84 N. Y. 108, 115). “ It is well settled that generally there is a presumption against such exemption.” (Board of Educ. v. Vil. of Alexander, 197 Misc. 814, 818-819).
Section 2 of the Administrative Code, relating to general definitions, provides in subdivision 5 thereof, that “ The terms £ real property £ real estate ’, £ land ’ and ‘ property ’ shall be construed to signify and embrace all lands, improvements, structures, works and any facilities in, over or under the same and/or rights derived therefrom, or appurtenant thereto, including all rights and interests therein other or less than a fee title”. The phrases, such as ££ All lots or parcels of land”, 11 all real property ”, ££ all taxable property ” and ££ all taxable real property ” as used in sections 168, 179, 180 and 181 of the code are clearly intended to include and mean all real property. The definition in said subdivision 5 of section 2 thereof is sufficiently broad to include special franchises.
Moreover, the provisions of the Beal Property Tax Law, insofar as they are not inconsistent or in conflict with the provisions of the Administrative Code, are to be applied here. Section 611 of the Administrative Code provides that “ Every provision of the general laws of the state of New York applicable to the county of Westchester shall prevail where no similar or comparable provision is made by or can fairly be inferred from this act or the county charter ’ ’. Section 300 of the Beal Property Tax Law provides that££ All real property within the state shall be subject to real property taxation, special ad valorem levies and special assessments unless exempt therefrom by law”. The exemptions from the levy of a seAver tax are only those numerated above. Special franchises are not exempt under title C of article 9 of the Administrative Code. Subdivision 11 of section 102 of the Real Property Tax Law defines ‘1 parcel ’ ’ to mean a separately assessed lot, parcel, piece or portion of real property. Subdivision 12 of section 102 thereof defines “ real property ”, ££ property ” and ££ land ” to mean and include special franchises. Section 622 of the Beal Property Tax Law provides that 1 £ All taxes and special ad valorem levies for county, city, toAvn, village, school or special district purposes shall be imposed on the final assessment of each special franchise.” A “special ad valorem lexry ” is *672 defined to mean a charge imposed upon benefited real property in the same manner and at the same time as taxes for municipal purposes to defray the cost of a special district improvement or service ”. (Real Property Tax Law, § 102, subd 14.) Hence, even if it is assumed that special franchises are not included within the definitions of the Administrative Code, the above provisions of the Real Property Tax Law would be applicable to the petitioners’ special franchises by virtue of section 611 of the Administrative Code, and in either event, the petitioners’ special franchises are ‘ ‘ lots or parcels of land ’ ’ under section 168 of the Administrative Code and subject to tax thereunder.
Section 168 of the Administrative Code provides that “All lots or parcels of land within any sewer district ” are declared to be benefited. There is no showing of any lack of general benefit. The validity of the ad valorem tax imposed in this instance does not depend upon the receipt of any direct or special benefit as distinguished from the general benefit to the community. (O’Flynn v. Village of East Rochester, 292 N. Y. 156.) Title C of article 9 of the Administrative Code contemplates a taxation district and not an assessment district on the basis of benefit. There is no provision therein for assessment in proportion to benefits received.
In Matter of Westchester Light. Co. v. Sewer Comrs. (219 App. Div. 377) (cited by all parties), the statutory provision involved therein directed that the amount of the expenses of the maintenance of the sewer system be assessed in proportion to the benefit each lot or parcel would derive therefrom. The court commented that that provision of the statute was rather curious language to apply to the levy of a sewer tax. It pointed out, at page 380 thereof, that if the statute had not required the expenses to be assessed in proportion to the benefits received and had ‘ ‘ simply provided that the expense of maintaining the sewers and sewer system should .be assessed and levied with the annual tax ’ ’, there would have been no question as to the validity of the levy of the sewer tax upon the special franchise of the utility company.
In this instance title C of article 9 of the Administrative Code contemplates the levy of the sewer tax at the same time and in the same manner as the general city taxes without regard to any special benefit. Section 180 of the code gives a city or town the right to determine the probable amount of the sewer tax to be levied against such town or city for the next fiscal year and to be apportioned by it against the lots or parcels of land in such town or city which are liable for the assessment therefor. It provides further that “ The provi *673 sions of law governing the levying, assessing and collecting of general town or city taxes in such town or city shall apply to such estimated sewer tax, and such estimated sewer tax shall become a lien at the same time and subject to the same provisions as the general town and city taxes in such municipalities 5 \ There can be no question that the Real Property Tax Law applies to the levying, assessing and collecting of general town or city taxes. Obviously, the same law applies to the levying, assessing and collecting of the sewer tax. Section 622 of the Real Property Tax Law provides that “ All taxes and special ad valorem levies for county, city, town, village, school or special district purposes shall be imposed on final assessment of each special franchise.” A “ special ad valorem levy ” is to be imposed in the same manner and at the same time as general city taxes (Real Property Tax Law, § 102; also, Charter of the City of Rye, § 400, subds. a, b; L. 1940, ch. 505) requires that county district taxes shall be payable and collected at the same timé and in the same manner as city taxes. The sewer tax levied in this case by the City of Rye is an ad valorem tax and is imposed in the same manner and at the same itme as the city taxes, as required by the Real Property Tax Law, Administrative Code of the County of Westchester and Charter of the City of Rye. The Attorney-General has also rendered opinions that a levy under the Westchester County Sewer Act (L. 1926, ch. 603, as amd.) or similar statute was a tax and not an assessment. (1946 Atty. Gen. 105; 1959 Atty. Gen. 148.)
Another indication that title C of article 9 of the code does not require special benefit as a basis for a levy of the sewer tax is contained in section 181 of the Administrative Code which provides that in the municipalities enumerated therein the sewer tax shall not be levied or assessed against the lots or parcels of land situated within the sewer district, but shall be levied and assessed upon all lots or parcels of real property within said municipalities, except such as are expressly exempt. This court finds, therefore, that the imposition of the sewer tax upon the assessed values of the special franchises of the petitioners is valid. Under the circumstances, the respondents’ motion for summary judgment is granted.