Alexander Del Giorno, J.
In each of the above-entitled claims, the State moves for an order (1) directing claimants to submit to an examination before trial and to produce documents, instruments, bills and records pertaining to alleged damage to the premises, including any fixtures or personal property therein located and that such examination include questions as to any prior damage to the premises, fixtures or personal property caused by previous floodings; (2) prohibiting claimants from producing on the trial any evidence by way of documents, instruments or testimony pertaining to alleged damage to the premises, including fixtures or personal property as set forth in a schedule annexed to the notice of claim; and (3) placing the claims upon the Suspension Calendar.
On April 5, 1961, claimants filed claims in this court alleging damage to their property sustained as a result of the negligence of the State and/or contractors performing construction work on the Sprain Brook Parkway. At or about that time, claimants commenced an action in Supreme Court, Westchester County, against Poirier & McLane Corporation, the general contractor, alleging its negligence in the construction work.
Pursuant to a notice of examination before trial, claimants were examined by the State in November, 1964. In the Smith-Cairns claim, it developed that at that time claimant’s witness did not know whether claimant owned or leased the property, and did not have with him any records or bills for repairs, labor charges, contracts or invoices to substantiate the alleged items of damage. It was agreed that the witness would furnish the missing information when the signed transcript of the testimony was returned to the State. When the signed testimony was returned, the witness indicated that claimant was a lessee of *772 the premises. The affidavit of claimants’ counsel indicates that the State later was informed that there was no written lease. Further, on the examination, the State sought to elicit information as to previous floodings of the property for a period of from 5 to 10 years prior to the dates of the damage to claimants’ property on July 30, 1960 and August 19, 1960. The State contends that it is common knowledge that on these dates the area was subjected to hurricanes and that since the occurrence of hurricanes is sporadic, questions as to flood damage therefrom, for a period of 10 years prior to this occurrence were proper. Claimant contends that a four-year period is ample. The State seeks an order also prohibiting claimant from producing any evidence on the trial by way of documents, instruments or testimony pertaining to the alleged damage to the premises including any fixtures or personal property thereon located.
The court is of the opinion that the State may examine as to the occurrence of flood damage to the premises for a period of five years prior to the dates of the damage herein sustained, and that such period is ample for the purposes of the State under the circumstances.
The State has presented no facts upon which the court can-order the exclusion of evidence upon the trial as to damage sustained by claimants. Whatever the State may feel as to the effect of the existence or nonexistence of a lease on the question of damage, nevertheless evidence thereto may be submitted on the trial subject to any ruling by the court at such time.
In the Kirk claim, claimant testified that he occupied the premises under a written lease which he did not have with him at that time but which he agreed to furnish at the time of returning the signed transcript. A copy of the lease thereafter was furnished by claimant to the State. There is apparently some dispute between the parties as to whether some further questions on the examination before trial were answered sufficiently or whether proper documents were submitted by claimant. In a letter to claimants’ counsel, the State stressed the fact that the case had been “ placed upon the Beady Calendar for January and time is of the essence ”.
It is obvious that the examination before trial, except as it has already been conducted under the State’s notice, should proceed forthwith and be concluded within a reasonably short period of time. Considering the fact that both sides are represented by able counsel, the court is somewhat at a loss to understand why the present impasse exists. The matters discussed herein seem to be academic in nature and should be resolved easily between counsel.
*773 The court now proceeds to a consideration of that portion of the motion which seeks an order placing these claims upon the Suspension 'Calendar. Originally the claims had been placed upon the Suspension Calendar of this court because of the pendency of actions by the claimants against the general contractor in the Supreme Court, Westchester County, to await the outcome of the ¡Supreme Court actions. In January, 1964 claimants moved for an order removing the claims from the Suspension Calendar. The motion was granted, and by order dated November 19, 1964, the claims were removed from the Suspension Calendar and reinstated on the January 1965 Calendar for trial disposition, in their regular order on said Calendar. If the State had desired to do so, it could have moved for reargument or it could have appealed from the said order. The time within which either remedy might have been pursued has long since expired. At this point the State in any case has not submitted any facts in addition to those submitted by it and considered by the court on the original motion. The relief now sought by the State cannot be granted.
This matter involves a claim brought against alleged tortfeasors, on the one hand the claim against the State brought in this court, and on the other an action against the contractor brought in the Supreme Court.
That such a situation as the present must exist causes this court grave concern.
The State of New York can be the sole defendant in the Court of Claims, such jurisdiction being limited by statute. (Court of Claims Act, §§ 8, 9; Braun v. Stale of New York, 203 Misc. 563.) Additional party defendants cannot be joined with the State. (Town of Cortlandt v. State of New York, 51 N. Y. S. 2d 802; Braun v. State of New York, supra.)
This state of present law compels one with a claim against the State and against another party, as joint tort-feasors, to pursue his remedy against the State in this court and against the other in the Supreme or another court. At the time the claim is reached for trial in the Court of Claims, while the other action is still pending, a problem is presented to this court in that it must determine which actions should be tried first.
It seems to be the consensus of opinion of the Judges of this court in such a situation that the action brought against the contractor in a court other than the Court of Claims should be tried first, on the theory that generally speaking, the contractor is the direct wrongdoer. At the conclusion of that trial, the claimant may determine if it is advisable or necessary to proceed with the trial of the claim against the State in the Court of *774 Claims, for in many cases the trial in the other courts would be dispositive of the claimant’s rights.
The statutory procedure now followed results, too often, in added charges against the State by way of interest where the claim may be an interest-bearing claim, because the procedure prescribed tends to extend the time lapse before the ultimate disposal of the claim.
The court believes that this anomaly and the hardship thus encountered by both claimants and the State might be ameliorated if the Legislature were to enact legislation providing for a preference of the trial in a third-party suit on the motion of either party to that suit upon a showing that another action is pending in the Court of Claims against the State which arose out of the same transaction or circumstances. Such procedure would ensure a timely trial in both courts while at the same time the State would save on the interest charges where the claim may be an interest-bearing claim.
Accordingly, the court decides the instant motions as follows:
Item I is granted to the extent herein indicated. The examination shall be held at a time and place to be agreed upon between the Attorney-G-eneral and the attorneys for claimants. The court directs, however, that the examination be concluded not later than May 3,1965.
Item II is denied.
Item III is denied. The claims shall remain upon the Regular Calendar, subject to the completion of the examinations before trial which are the subjects of disposition of Item I herein and the further disposition by the court.