Daniel Becker, J.
The claimant was an attorney at law admitted to practice in the State of New York in December, 1934, by the Appellate Division of the First Department.
Claimant in June, 1948, was appointed to the staff of the Attorney-General of the State of New York and in April, 1966, he was Assistant Attorney-General in charge of Charity Frauds and Miscellaneous Compliance Bureau.
On or about April 19, 1966 the claimant was indicted by a New York County Grand Jury on seven counts of perjury in the first degree under Indictment No. 1614-66.
*1082 On or about April 19, 1966 said claimant was indicted by a New York County Grand Jury on one count of conspiracy and one count of attempted extortion under Indictment No. 1615-66.
The said indictments alleged in substance that the crimes set forth were committed by claimant arising out of his capacity as an Assistant Attorney-General and while acting as such.
It is conceded that on April 20, 1966 claimant was suspended from his position as Assistant Attorney-General. Thereafter on March 6, 1969 after a trial before a jury in the New York Supreme Court, New York County, on Indictment No. 1614U66, the claimant was convicted of seven counts of perjury in the second degree (misdemeanor). On April 24, 1969 claimant was sentenced on each of said seven counts. Said convictions were unanimously affirmed by the Appellate Division, First Department on December 1, 1970. (People v. Glucksman, 35 A D 2d 1082.)
Thereafter and on March 19, 1971 on Indictment No. 1615-66 and after a trial by jury, claimant was convicted of the crimes of conspiracy (a felony) and attempted extortion (a misdemeanor). He was thereafter sentenced on said convictions.
Claimant on December 21, 1970 “ retired ” from his position with the Attorney-General.
On May 4,1971 a notice of claim was filed by claimant with the Court of Claims. By this claim the following relief is sought:
(a) $100,000 for salary claimed to be due claimant as an Assistant Attorney-General from April 20,1966 until his ‘ ‘ retirement ” on December 21, 1970.
(b) $25,000 for money allegedly expended by claimant in his defense of the criminal proceedings in New York County in which proceedings he claims to have been wrongfully convicted.
Concededly, claimant by his appointment as an Assistant Attorney-General by the State Attorney-General was in the exempt civil service class. As such he held office at the pleasure of the Attorney-General.
This claim is brought against the State of New York and Louis J. Lefkowitz, Attorney-General. The claim is apparently for breach of contract of employment. The claimant was employed by the State of New York through the Attorney-General as its agent. Any claim for damages arising out of his claim would only be against the State. The jurisdiction- of the Court of Claims is limited to claims against the State. (Court of Claims Act, § 9, subd. 4; Smith-Cairns Motor Sales Co. v. State of New York, 45 Misc 2d 770.)
The motion to' dismiss the claim filed against Louis J. Lefkowite is granted on jurisdictional grounds,
*1083 The claim filed against the State requires an analysis in depth.
We are dealing here with three motions: (1) M-14337 dated February 25, 1972 is by the claimant for an order of disclosure. (2) M-14443 is by the State for an order dismissing the claim and is made pursuant to CPLR 3211 (subd. [a], pars. 2, 5 and/or 7) and is dated April 4, 1972. (3) M-14444 is a motion by the State “ for an order denying claimant’s motion for disclosure, and/or staying disclosure pursuant to Rule 3214 of the Civil Practice Law and Rules ” and is dated April 4,1972.
We address our attention first to Motion No. M-14443 by the State for a dismissal of the claim.
Obviously any valid claim must be limited to between the date of the alleged suspension of April 20, 1966 and the date of “retirement” on December 21, 1970. The claimant contends that he was orally suspended on April 20, 1966; that alleged suspension was only a temporary one; that the Attorney-General had no power to suspend him; that the power to remove a public officer does not include the power to suspend him; that a public officer cannot be deprived of his salary by suspension.
The claimant further contends that his suspension terminated when he “ retired ” on December 21, 1970.
It will not be necessary to pass on all the claimant’s contentions if the position of the State on its motion to dismiss is correct.
As indicated, the claim here was filed May 4, 1971. Subdivision 4 of section 10 of the Court of Claims Act provides as follows: “ 4. A claim for breach of contract, express or implied, and any other claim not otherwise provided for by this section, over which jurisdiction has been conferred upon the court of claims, shall be filed within six months after the accrual of such claim, unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after such accrual. ’ ’
Concededly there was no notice of intention filed in this matter. The court here must deal solely with the question of the timely filing of the claim on May 4, 1971 and whether the same was filed “ within six months after the accrual of such claim.”
In McMahon v. State of New York (173 Misc. 1004, 1006, affd. 261 App. Div. 879) the court held: “ If a cause of action accrued, it accrued on pay day in each month and the Statute then began to run as to that portion of the claim.”
On the argument the claimant contended that he continued to remain an Assistant Attorney-General until the date of his “ retirement ” on December 21, 1970.
*1084 Section 30 of the Public Officers Law provides: “ 1. Every office shall be vacant upon the happening of one of the following events before the expiration of the term thereof * * * e. His conviction of a felony, or a crime involving a violation of Ms oath of office ” (emphasis added).
All public officers are required to take and subscribe an oath of office. (N. Y. Const., art. XIII, § 1.) The Indictment No. 1614-66 on which the claimant was convicted and sentenced on April 24, 1969 clearly charged the claimant with crimes which involved a violation of his oath of office. Such conviction on April 24, 1969 was tantamount to the creation of a vacancy pursuant to section 30 (subd. 1, par. e) of the Public Officers Law. (Cf. Matter of Breslin v. Leary, 35 A D 2d 794.)
Even if we assumed that claimant has a valid claim, the period for which he would be entitled to salary was from April 20,1966 to April 24, 1969.
The date of conviction is determined by the date of sentencing. (Matter of Keogh v. Wagner, 20 A D 2d 380, 385, affd. 15 N Y 2d 569.)
Even taking the later date of April 24, 1969 on which the sentence took place, the claim was required to be filed pursuant to subdivision 4 of section 10 of the Court of Claims Act by October 24,1969. The claim was not filed until May 4,1971 and it was therefore not timely filed.
The claimant contends that the suspension which commenced in April, 1966, terminated on his retirement because the Attorney-General took no action to terminate the claimant’s services by removal. The Court of Appeals in Austin v. Board of Higher Educ. of City of N. Y. (5 N Y 2d 430, 441) stated: “ What is more, if plaintiffs were correct in their theory, unless reinstatement were volunteered by the municipality, the former employee, who renders no service, might continue to sue for accruing salary until he reached retirement age. That would be quite absurd.”
It is unnecessary for the court to pass on other contentions of both the State and the claimant since the same now become academic.
The State’s Motion No. M-14443 for a dismissal of the claim pursuant to CPLR 3211 is granted.
Motion No. M-14337 for disclosure by the claimant and Motion No. M-14444 for a stay by the State are denied in view of the court’s ruling on Motion No. M-14443.