STATE UNIVERSITY OF NEW YORK, Appellant, *v.* THOMAS F. PATTERSON, as Mayor of the Village of Canton, et al., Respondents.

Third Department, August 2, 1973.

*Louis J. Lefkowitz*, Attorney-General (*Grace K. Banoff* and *Ruth Kessler Toch* of counsel), for appellant.

*Sidney H. Kitay* (*John D. Elmer* of counsel), for respondents.

HERLIHY, P. J. This is an appeal by the plaintiff from an order and judgment of the Supreme Court at Special Term, entered September 19, 1972 in St. Lawrence County, which granted summary judgment in favor of the defendants declaring that plaintiff is subject to the provisions of an ordinance of the Village of Canton imposing charges on private fire protection systems within the village.

Plaintiff maintains an educational facility in the Village of Canton known as State University Agricultural and Technical College of Canton. This facility is located wholly within the village boundaries and utilizes the water system maintained by the village as its source of water.

On December 9, 1968 the Board of Trustees of the Village of Canton amended chapter 45 of the Village Code to provide for monthly charges on private fire protection systems, that is, risers, sprinkler systems and hydrants, measured by the diameter of the water pipes and the number of hydrants. This charge is in addition to the water charge for all water used as measured by water meters and the defendant village's answer asserts that the moneys received from this charge are to be used to help defray the costs of providing fire protection to the community.

The plaintiff maintains sprinkler systems and fire hydrants on its property connected through a water meter to the village water system. Beginning in April of 1969 and continuing quarterly thereafter the village billed the plaintiff for the charge imposed on private fire protection systems. But, the plaintiff refused to pay this charge on the ground that it constituted a tax from which State property is exempt under section 404 of the Real Property Tax Law.

The plaintiff commenced the present action seeking a declaration that, as a State agency, it is exempt from the charge imposed by the Village Code on private fire protection systems. Special Term declared that the plaintiff was subject to the provisions of the Code of the Village of Canton since the charge was a water rent and not a tax.

The sole issue raised on this appeal is whether the charge imposed by the Village Code of the Village of Canton on private fire protection systems is a water rent or other charge based upon services rendered or a tax. If this charge is found to be a tax, then the present plaintiff, as an integral part of the State carrying out a governmental function, would not be liable therefor (Real Property Tax Law, § 404; *State Univ. of N. Y.* v. *Syracuse Univ.*, 206 Misc. 1003, affd. 285 App. Div. 59).

It has been consistently held that the distinguishing feature between a water rent and a water tax is whether the charge is based upon the amount of water consumed or whether it is based upon the dimensions, value or use of a building or other similar criteria. Where the rates imposed must be paid regardless of the quantity of water used, the courts have uniformly found such charges to be taxes no matter how they are designated by the municipality (*New York Univ.* v. *American Book Co.*, 197 N. Y. 294; *Silkman* v. *Board of Water Comrs. of City of Yonkers,* 152 N. Y. 327; *Effel Realty Corp.* v. *City of New York*, 165 Misc. 176, affd. 256 App Div. 972, affd. 282 N. Y. 541). On the other hand, where the charge imposed is for water actually consumed or services rendered it is not a tax (*Robertson* v. *Zimmermann*, 268 N. Y. 52, 64; *Brass* v. *Rathbone*, 153 N. Y. 435; *Town Bd. of Town of Poughkeepsie* v. *City of Poughkeepsie,* 22 A D 2d 270, 274; *Rupersam Realty Corp.* v. *Larpeg Realty Corp.*, 253 App. Div. 695, 696; *Matter of Battista* v. *Board of Estimate of City of N. Y.*, 51 Misc 2d 962, affd. without opn. 27 A D 2d 986).

A perusal of the provisions of the Village Code of the Village of Canton involved herein indicates that the charge levied on private fire protection systems is not based upon the amount of

water consumed by the owner of such systems in their operation, but rather is a charge upon the equipment itself. The charge does not bear any relation to the amount of water consumption and, as a matter of fact, it appears that the charge is payable even if no water at all is actually used. Under such circumstances, the fire protection charge imposed by the Village of Canton is in the nature of a tax even though it is contained in the chapter of the Village Code concerning water and water rents. This conclusion is buttressed by the fact that the moneys received from the charge are admittedly to be used to help defray the cost of providing fire protection to the community and it has consistently been held that the exemption from taxation for State owned real property included immunity from the payment of local charges for fire protection (*Rector, Churchwardens & Vestrymen of Christ Church, Bronxville* v. *Town of Eastchester*, 197 Misc. 943; 1961 Opns. Atty. Gen. 154; cf. *Matter of New York Tel. Co.* v. *Common Council of City of Rye*, 43 Misc 2d 668, affd. 25 A D 2d 682).

The intention to exempt the plaintiff from charges such as the present one is emphasized by section 4 of chapter 417 of the Laws of 1971 which adds to the Real Property Tax Law a new section 400 (now eff. April 1 of 1974, as amd. by L. 1973, ch. 525) which permits, *inter alia*, the imposition of a service charge for fire protection on State property (except for property used for charitable, hospital, educational and cemetery purposes) exempt from taxation under section 404 of the Real Property Tax Law.

In view of the conclusion that the charge involved herein is in the nature of a tax for which the present plaintiff is not liable, it is not necessary to consider its contentions that the University's property is not private within the meaning of the Village Code and that the charge imposed on private fire protection systems would be void if it did not constitute a tax since it would be a water rent that discriminates against the owners of private fire protection systems.

The order and judgment should be modified, on the law and the facts, so as to provide that the plaintiff is not subject to so much of the defendant's ordinance as imposes charges for sprinkler systems and private hydrants, and, further, by granting relief demanded by plaintiff, and, as so modified, affirmed, without costs.

SWEENEY, J. (dissenting). We do not agree with the majority's holding that, since the charge levied on private fire protection systems is not based upon the amount of water con-

sumed, but rather is a charge upon the equipment itself, it is a tax. In our view the charge imposed is for services rendered by the village in supplying an availability of water with sufficient pressure to handle an emergency occurring on the premises. It is a user charge based on an implied contract. There is an implied consent of the property owner to the terms of such implied contract when application is made for such availability of water. (See *Silkman* v. *Board Water Comrs. of City of Yonkers,* 152 N. Y. 327, 331.) We find a clear distinction between rents imposed upon vacant lots where no water is used, and rents paid for water and pressure held available in connected hydrants and risers for use in a private fire protection system in order to furnish prompt and efficient fire streams therefrom when needed. The pivotal issue is not whether any water is used, but whether it is available for use. Plaintiff's fire protection system creates a demand for the necessary water pressure and a supply of water which, although it may be potential only, must be sufficient and adequate at all times. Without the required standby pressure capacity, the system is ineffective. This is not, then, a flat charge for water whether used or not, and cannot be equated to the vacant lot situation discussed in *Silkman* v. *Board Water Comrs. of City of Yonkers* (*supra,* p. 330), where no use whatsoever is being made of the water by the person assessed, and the charge is '' assessed for a supposed benefit arising from the presence or public use of the water as distinguished from its private use by the individual ''.

Moreover, there is doubt in our minds whether chapter 417 of the Laws of 1971 exempts plaintiff from the present charges.

With respect to plaintiff's contention that the charges discriminate against owners of private fire protection systems because owners of real property served by the village-owned hydrants receive the same benefit without charge, as a general rule, a board of water commissioners may fix different classifications of consumers and apply a different rate schedule to each, so long as the rates are not arbitrary or unreasonable and there is uniformity within each classification. The instant ordinance applies alike to all property owners maintaining private fire protection systems. It cannot be said that the classification is arbitrary, nor that it lacks a rational basis. The added expense of providing the necessary equipment and water supply for the assurance of continued available supply and pressure to the private hydrants and sprinkler systems, on the one hand, coupled with the services rendered in a more effective fire pro-

tection system on the other, gives a rational basis for a water-selling municipality to prescribe rates for the property owner who chooses a special private system of its own, while making no charge for its publicly maintained system.

The contention that plaintiff State University has no " private " systems subject to these charges is equally without merit. The word " private " as used in the ordinance distinguishes the systems referred to from publicly owned hydrants, meaning those owned by the village itself.

The order and judgment should, therefore, be affirmed.

STALEY, JR., and REYNOLDS, JJ., concur with HERLIHY, P. J.; SWEENEY and KANE, JJ., dissent and vote to affirm in a separate opinion by SWEENEY, J.

Order and judgment modified, on the law and the facts, so as to provide that the plaintiff is not subject to so much of the defendant's ordinance as imposes charges for sprinkler systems and private hydrants, and, further, by granting relief demanded by plaintiff, and, as so modified, affirmed, without costs.