OPINION OF THE COURT
Per Curiam.
Judgment entered November 17, 1981 affirmed, with $10 costs.
*935 Summary judgment was properly granted to plaintiff City of New York on its claim for unpaid water and sewer charges accruing during fiscal year 1978-1979. There can be little question as to the sufficiency of plaintiff’s moving papers, which included a factual affidavit of a bureau chief of the City Department of Finance (the agency responsible for collection of water charges and sewer rents), as well as an itemized bill addressed to defendant Steinfeld specifying the amounts due for water and sewer rent on defendants’ residential premises during the period 1978 through 1980. In opposition, defendants failed to present any genuine issues of fact or viable defense warranting a trial. There is no merit to defendants’ constitutional attack on the method employed by the City in determining rates for water supplied to unmetered buildings. The City’s system of rate fixing has long been recognized as valid by the courts (see, New York Univ. v American Book Co., 197 NY 294; Battista v Board of Estimate, 51 Misc 2d 962). Similarly unavailing is defendants’ argument that the City waived the right to maintain this personal action under Administrative Code of the City of New York § 415 (1)-19.0 by having previously commenced an in' rem proceeding. Under the Code provision, the right to maintain a plenary action is “[i]n addition to” other remedies available to the City.
We also conclude, as did Civil Court, that the obligation to pay for unmetered water charges is a liability created by statute, i.e., a liability “which did not exist at common law, or would not exist but for a statute” (1 Weinstein-Korn-Miller, NY Civ Prac If 214.04, at 2-281). Administrative Code § 415 (1)-19.0 provides, in part: “In addition to collecting sewer rents, sewer surcharges, charges, penalties and fines and water rents, charges, penalties and fines in the manner provided in titles A and D of this chapter [ch 17], the city may maintain an action for their recovery against the person for whose benefit or by whom the water is taken or used or for whose benefit or by whom sewer service is used”. The quoted language is declaratory of a new cause of action, measured by the three-year Statute of Limitations set forth in CPLR 214 (2). Accordingly, plaintiff’s claim for water charges for fiscal year 1977-1978 is time barred, such claim having accrued in June of 1977, and the instant action having been commenced in January 1981. The City urges us to apply the six-year limitations period provided in CPLR 213 (2), since, it is argued, the duty to pay water charges is derived from an implied contract. While that contention may find truth with respect to water furnished to metered premises, where a “voluntary purchase” is involved and the charge imposed reflects the *936 quantity of water consumed and services rendered (City of New York v Idlewild Beach Co., 182 Misc 205, affd 182 Misc 213), it is not accurate as concerns water furnished to unmetered premises, where the “rates so imposed must be paid regardless of the quantity of water used, or whether any water is used. Such a rate is a tax * * * and the obligation to pay it is created by the exercise of the taxing power of the local authorities” (New York Univ. v American Book Co., supra, p 297; see also, State Univ. v Patterson, 42 AD2d 328).
Nor did the “In Rem Agreement”, wherein defendants agreed to pay delinquent taxes, assessments and other charges in order to avoid foreclosure, operate to revive or extend the limitations period. That writing, while acknowledging that defendants’ premises were in arrears, did not expressly recognize an existing personal obligation on the part of the building’s owners to pay such arrears (see, Morris Demolition Co. v Board of Educ., 40 NY2d 516).
Hughes, J. P., Sandifer and Parness, JJ., concur.