■ ROBERT J. BAISLEY, Individually and as Guardian for CHRISTOPHER BAISLEY and Others, Infants, Appellants, v TOWN OF KENT et al., Respondents. — In a negligence action to recover damages for personal injuries resulting from water contamination, plaintiffs appeal from an order of the Supreme Court, Putnam County (Beisheim, J.), dated August 19, 1983, which, upon the motion of the defendants Putnam County and Putnam County Board of Health to dismiss the complaint as against them for nonjoinder of the State of New York as a necessary party, dismissed the complaint as against all defendants "without prejudice to the right of the plaintiffs to pursue their claim against the defendants in the Court of Claims".

Order reversed, without costs or disbursements, and motion denied.

This is an action by residents of the Lake Carmel area of Putnam County to recover damages from the County of Putnam, the Putnam County Board of Health and the Town of Kent for their failure to inform plaintiffs of the contamination of their private water wells by certain toxic petroleum derivatives which resulted in injury to plaintiffs when they ingested the water. Plaintiffs have also brought a claim against the State of New York in the Court of Claims due to the statutory designation of the New York State Department of Transportation as the agency responsible for the prevention, control and cleanup of oil discharges which threaten the environment within the State, whatever the source and regardless of fault (Navigation Law art 12). Upon the motion of the defendants Putnam County and the Putnam County Board of Health to dismiss the complaint as against them on the ground that the State of New York is an essential party but could not be joined for lack of jurisdiction, Special Term dismissed the complaint as against all defendants "without prejudice to the right of the plaintiffs to pursue their claim against the defendants in the Court of Claims".

The Court of Claims has exclusive jurisdiction of claims against the State and its agencies and the State cannot, therefore, be joined as a party in the instant action (Court of Claims Act § 9; *Cass v State of New York*, 58 NY2d 460). Where, as here, it is alleged that the State is one of several tort-feasors, only it can be sued in the Court of Claims; the remaining tort-feasors must be sued in other courts (*see*, Siegel, NY Prac § 17, at 19; *Braun v State of New York*, 203 Misc 563). The possibility of inconsistent verdicts and the problems of apportionment of fault in such separate trials are recognized but they are unavoidable concomitants of the present statutory scheme. Plaintiffs correctly pursued their remedies against the State in the Court of Claims and against the instant defendants in the Supreme Court (*Smith-Cairns Motor Sales Co. v State of New York*, 45 Misc 2d 770, 773). Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.