As part of the process of making an equitable distribution of marital assets, one of the duties of a trial judge is to determine the value of the property eligible for distribution (*see,* Domestic Relations Law § 236 [B] [5]). With regard to the value of the Merrick Boulevard real estate, we find that there was no credible evidence in the record supporting the "synthesized" valuation of those properties. Special Term failed to articulate any reasons for its conclusion that the properties were worth $33,000. It failed to set forth why it rejected the valuations advanced by the expert witnesses and it, in effect, averaged the appraisals. Such an unsupported conclusion, without an adequate articulation of reasons, cannot stand. Therefore, new findings regarding the value of the Merrick Boulevard properties are required, together with reasons supporting the new findings. A court may not avoid its responsibility to determine the value of property by simply averaging the values urged by the competing parties (*see generally, Latham Holding Co. v State of New York,* 16 NY2d 41; *Matter of City of New York [Nassau Expressway],* 98 AD2d 166).

Additionally, in view of the fact that one of the parties' children has now attained the age of 21 and is self-supporting, leaving only one child of the marriage under the age of 21, the award of child support should be reduced from $100 per week to $75 per week as of the older child's twenty-first birthday.

In all other respects, we affirm, insofar as appealed from, for the reasons stated by Justice Posner at Special Term. Titone, J. P., Gibbons, Thompson and Bracken, JJ., concur.

■ MICHAEL T. FITZSIMMONS et al., Appellants, v TOWN OF KENT et al., Respondents. — In a negligence action to recover damages for personal injuries resulting from water contamination, plaintiffs appeal from an order of the Supreme Court, Putnam County (Beisheim, J.), dated August 19, 1983, which, upon the motion of the defendants Putnam County and Putnam County Board of Health to dismiss the complaint as against them for nonjoinder of the State of New York as a necessary party, dismissed the complaint as against all defendants "without prejudice to the right of the plaintiffs to pursue their claim against the defendants in the Court of Claims".

Order reversed, without costs or disbursements, and motion denied. (*See, Baisley v Town of Kent,* 111 AD2d 299.) Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.

■ MICHAEL V. GRECO et al., Appellants, v TOWN OF KENT et al., Respondents. — In a negligence action to recover damages for personal injuries resulting from water contamination, plaintiffs appeal from an order of the Supreme Court, Putnam County

(Beisheim, J.), dated August 19, 1983, which, upon the motion of the defendants Putnam County and Putnam County Board of Health to dismiss the complaint as against them for nonjoinder of the State of New York as a necessary party, dismissed the complaint as against all defendants "without prejudice to the right of the plaintiffs to pursue their claim against the defendants in the Court of Claims".

Order reversed, without costs or disbursements, and motion denied. (*See, Baisley v Town of Kent,* 111 AD2d 299.) Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.

■ JOSEPH HORMAN, Appellant, v TOWN OF KENT et al., Respondents. — In a negligence action to recover damages for personal injuries resulting from water contamination, plaintiff appeals from an order of the Supreme Court, Putnam County (Beisheim, J.), dated August 19, 1983, which, upon the motion of the defendants Putnam County and Putnam County Board of Health to dismiss the complaint as against them for nonjoinder of the State of New York as a necessary party, dismissed the complaint as against all defendants "without prejudice to the right of the plaintiffs [*sic*] to pursue their [*sic*] claim against the defendants in the Court of Claims".

Order reversed, without costs or disbursements, and motion denied. (*See, Baisley v Town of Kent,* 111 AD2d 299.) Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.

■ JOSEPH HORMAN et al., Appellants, v TOWN OF KENT et al., Respondents. — In a negligence action to recover damages for personal injuries resulting from water contamination, plaintiffs appeal from an order of the Supreme Court, Putnam County (Beisheim, J.), dated August 19, 1983, which, upon the motion of the defendants Putnam County and Putnam County Board of Health to dismiss the complaint as against them for nonjoinder of the State of New York as a necessary party, dismissed the complaint as against all defendants "without prejudice to the right of the plaintiffs to pursue their claim against the defendants in the Court of Claims".

Order reversed, without costs or disbursements, and motion denied. (*See, Baisley v Town of Kent,* 111 AD2d 299.) Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.

■ I.P.X. CONSTRUCTION CORP., Respondent, v PETER MERGENTHALER et al., Appellants and Third-Party Plaintiffs-Appellants, et al., Defendants. HERBERT M. KUSCHNER et al., Third-Party Defendants-Respondents. — In a mortgage foreclosure action, defendants and third-party plaintiffs appeal (1) from an order of the Supreme Court, Suffolk County (Orgera, J.), dated