ventures. Thus they were not unequivocally referable to a completely different alleged oral agreement by Kuschner to pay Mergenthaler's mortgage obligation.

Inasmuch as the denial of appellants' cross motion for a default judgment as against the corporate third-party defendants and the grant of plaintiff's motion for a separate trial on the main foreclosure action were based on the dismissal of the third-party complaint, those parts of the orders should be affirmed. The fact that there has been a substitution of plaintiff's attorney of record renders moot appellants' challenge to the denial of their cross motion for disqualification of his prior attorney. Thompson, J. P., Weinstein, Brown and Kunzeman, JJ., concur.

■ WALTER KAMENAR et al., Appellants, v TOWN OF KENT et al., Respondents. — In a negligence action to recover damages for personal injuries resulting from water contamination, plaintiffs appeal from an order of the Supreme Court, Putnam County (Beisheim, J.), dated August 19, 1983, which, upon the motion of the defendants Putnam County and Putnam County Board of Health to dismiss the complaint as against them for nonjoinder of the State of New York as a necessary party, dismissed the complaint as against all defendants "without prejudice to the right of the plaintiffs to pursue their claim against the defendants in the Court of Claims".

Order reversed, without costs or disbursements, and motion denied. (*See, Baisley v Town of Kent,* 111 AD2d 299.) Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.

■ JOSEPH KATONICA et al., Appellants, v TOWN OF KENT et al., Respondents. — In a negligence action to recover damages for personal injuries resulting from water contamination, plaintiffs appeal from an order of the Supreme Court, Putnam County (Beisheim, J.), dated August 19, 1983, which, upon the motion of the defendants Putnam County and Putnam County Board of Health to dismiss the complaint as against them for nonjoinder of the State of New York as a necessary party, dismissed the complaint as against all defendants "without prejudice to the right of the plaintiffs to pursue their claim against the defendants in the Court of Claims".

Order reversed, without costs or disbursements, and motion denied. (*See, Baisley v Town of Kent,* 111 AD2d 299.) Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.

■ ROBERT J. KELLY et al., Appellants, v TOWN OF KENT et al., Respondents. — In a negligence action to recover damages for personal injuries resulting from water contamination, plaintiffs

appeal from an order of the Supreme Court, Putnam County (Beisheim, J.), dated August 19, 1983, which, upon the motion of the defendants Putnam County and Putnam County Board of Health to dismiss the complaint as against them for nonjoinder of the State of New York as a necessary party, dismissed the complaint as against all defendants "without prejudice to the right of the plaintiffs to pursue their claim against the defendants in the Court of Claims".

Order reversed, without costs or disbursements, and motion denied. (*See, Baisley v Town of Kent,* 111 AD2d 299.) Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.

■ JOSEPH A. LA CONTE et al., Appellants, v TOWN OF KENT et al., Respondents. — In a negligence action to recover damages for personal injuries resulting from water contamination, plaintiffs appeal from an order of the Supreme Court, Putnam County (Beisheim, J.), dated August 19, 1983, which, upon the motion of the defendants Putnam County and Putnam County Board of Health to dismiss the complaint as against them for nonjoinder of the State of New York as a necessary party, dismissed the complaint as against all defendants "without prejudice to the right of the plaintiffs to pursue their claim against the defendants in the Court of Claims".

Order reversed, without costs or disbursements, and motion denied. (*See, Baisley v Town of Kent,* 111 AD2d 299.) Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.

■ BRUCE B. LAWTON et al., Appellants, v TOWN OF KENT et al., Respondents. — In a negligence action to recover damages for personal injuries resulting from water contamination, plaintiffs appeal from an order of the Supreme Court, Putnam County (Beisheim, J.), dated August 19, 1983, which, upon the motion of the defendants Putnam County and Putnam County Board of Health to dismiss the complaint as against them for nonjoinder of the State of New York as a necessary party, dismissed the complaint as against all defendants "without prejudice to the right of the plaintiffs to pursue their claim against the defendants in the Court of Claims".

Order reversed, without costs or disbursements, and motion denied. (*See, Baisley v Town of Kent,* 111 AD2d 299.) Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.

■ LESTER LEVY, Appellant, v TOWN OF KENT et al., Respondents. — In a negligence action to recover damages for personal injuries resulting from water contamination, plaintiff appeals from an order of the Supreme Court, Putnam County (Beisheim, J.), dated August 19, 1983, which, upon the motion of the