of the State of New York as a necessary party, dismissed the complaint as against all defendants "without prejudice to the right of the plaintiffs to pursue their claim against the defendants in the Court of Claims".

Order reversed, without costs or disbursements, and motion denied. (*See, Baisley v Town of Kent,* 111 AD2d 299.) Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.

■ PATRICK R. NAPPI et al., Appellants, v TOWN OF KENT et al., Respondents. — In a negligence action to recover damages for personal injuries resulting from water contamination, plaintiffs appeal from an order of the Supreme Court, Putnam County (Beisheim, J.), dated August 19, 1983, which, upon the motion of the defendants Putnam County and Putnam County Board of Health to dismiss the complaint as against them for nonjoinder of the State of New York as a necessary party, dismissed the complaint as against all defendants "without prejudice to the right of the plaintiffs to pursue their claim against the defendants in the Court of Claims".

Order reversed, without costs or disbursements, and motion denied. (*See, Baisley v Town of Kent,* 111 AD2d 299.) Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.

■ MARCEL OLIFIERS, JR., et al., Appellants, v TOWN OF KENT et al., Respondents. — In a negligence action to recover damages for personal injuries resulting from water contamination, plaintiffs appeal from an order of the Supreme Court, Putnam County (Beisheim, J.), dated August 19, 1983, which, upon the motion of the defendants Putnam County and Putnam County Board of Health to dismiss the complaint as against them for nonjoinder of the State of New York as a necessary party, dismissed the complaint as against all defendants "without prejudice to the right of the plaintiffs to pursue their claim against the defendants in the Court of Claims".

Order reversed, without costs or disbursements, and motion denied. (*See, Baisley v Town of Kent,* 111 AD2d 299.) Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.

■ PAUL J. PRICE et al., Appellants, v TOWN OF KENT et al., Respondents. — In a negligence action to recover damages for personal injuries resulting from water contamination, plaintiffs appeal from an order of the Supreme Court, Putnam County (Beisheim, J.), dated August 19, 1983, which, upon the motion of the defendants Putnam County and Putnam County Board of Health to dismiss the complaint as against them for nonjoinder of the State of New York as a necessary party, dismissed the complaint as against all defendants "without prejudice to the

right of the plaintiffs to pursue their claim against the defendants in the Court of Claims".

Order reversed, without costs or disbursements, and motion denied. (*See, Baisley v Town of Kent,* 111 AD2d 299.) Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.

■ WALTER C. PROTZ et al., Appellants, v TOWN OF KENT et al., Respondents. — In a negligence action to recover damages for personal injuries resulting from water contamination, plaintiffs appeal from an order of the Supreme Court, Putnam County (Beisheim, J.), dated August 19, 1983, which, upon the motion of the defendants Putnam County and Putnam County Board of Health to dismiss the complaint as against them for nonjoinder of the State of New York as a necessary party, dismissed the complaint as against all defendants "without prejudice to the right of the plaintiffs to pursue their claim against the defendants in the Court of Claims".

Order reversed, without costs or disbursements, and motion denied. (*See, Baisley v Town of Kent,* 111 AD2d 299.) Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.

■ JOHN A. ROBINSON, Appellant, v LUCINDA H. ROBINSON, Respondent. — In a matrimonial action, the plaintiff husband appeals from (1) so much of an order of the Supreme Court, Nassau County (McGinity, J.), dated August 2, 1983, as granted that branch of the defendant wife's motion which was to vacate and set aside a stipulation entered into by the parties in open court on March 30, 1983, which provided for equitable distribution of marital property and custody of their infant daughter, (2) an order of the same court, entered September 19, 1983, which granted the defendant's motion for reargument and thereupon adhered to the original determination and (3) an order of the same court (Harwood, J.), entered September 13, 1984, which, after a hearing, *inter alia,* awarded custody of the infant child of the parties to defendant from one week prior to the commencement of the school year and, beginning in 1985, to plaintiff from one week after the last day of the school year until one week before the first day of the school year.

Appeal from the order dated August 2, 1983 dismissed, without costs or disbursements. The portion of the order appealed from was superseded by the order entered September 19, 1983, made upon reargument.

Order entered September 19, 1983, modified, on the law, by adding thereto a provision that upon reargument the provision setting aside the stipulation dated March 30, 1983 is modified so as to provide that only the provisions thereof regarding child