Even where there is an existing agreement between the parties with respect to custody, it is but one factor to be weighed by the courts in deciding whether a change of custody is warranted (*Eschbach v Eschbach,* 56 NY2d 167). Even less weight is accorded to an uncontested stipulation than to an agreement reached after a plenary hearing (*Friederwitzer v Friederwitzer, supra; Matter of Gotham v Gotham,* 102 AD2d 981; *Feltman v Feltman,* 99 AD2d 540). On the other hand, a determination reached by a hearing court, which was able to evaluate the evidence and weigh the various factors involved, should be respected on appeal (*Eschbach v Eschbach, supra; Stanat v Stanat,* 93 AD2d 114, *lv denied* 59 NY2d 605).

A joint custody arrangement can only work where there is harmony and cooperation between the parents; it should not be continued where it is apparent that the parties are "severely antagonistic and embattled" and have reached a degree of animosity toward one another which is more harmful than beneficial to the child (*Braiman v Braiman,* 44 NY2d 584, 587; *Stanat v Stanat,* 93 AD2d 114, 117, *supra*).

In the instant case, the findings of the hearing court were supported by the evidence and its determination was not an abuse of discretion. It is evident that the court considered all the testimony, including that favorable to plaintiff. We agree with the court that the parties' expressed hostility toward one another and their lack of communication regarding the child make continuation of the joint custody arrangement an unworkable solution. In addition, there is evidence that the arrangement has had an adverse effect upon the child. Even though plaintiff is obviously a concerned, caring parent, we are not persuaded that the child's best interests would be served if joint custody were continued as previously agreed or if sole custody were awarded to either party. Titone, J. P., Bracken, Rubin and Lawrence, JJ., concur.

■ FRED W. SAUER et al., Appellants, v TOWN OF KENT et al., Respondents. — In a negligence action to recover damages for personal injuries resulting from water contamination, plaintiffs appeal from an order of the Supreme Court, Putnam County (Beisheim, J.), dated August 19, 1983, which, upon the motion of the defendants Putnam County and Putnam County Board of Health to dismiss the complaint as against them for nonjoinder of the State of New York as a necessary party, dismissed the complaint as against all defendants "without prejudice to the right of the plaintiffs to pursue their claim against the defendants in the Court of Claims".

Order reversed, without costs or disbursements, and motion denied. (*See, Baisley v Town of Kent,* 111 AD2d 299.) Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.

■ HUGH M. SHERIDAN et al., Appellants, v TOWN OF KENT et al., Respondents. — In a negligence action to recover damages for personal injuries resulting from water contamination, plaintiffs appeal from an order of the Supreme Court, Putnam County (Beisheim, J.), dated August 19, 1983, which, upon the motion of the defendants Putnam County and Putnam County Board of Health to dismiss the complaint as against them for nonjoinder of the State of New York as a necessary party, dismissed the complaint as against all defendants "without prejudice to the right of the plaintiffs to pursue their claim against the defendants in the Court of Claims".

Order reversed, without costs or disbursements, and motion denied. (*See, Baisley v Town of Kent,* 111 AD2d 299.) Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.

■ BEATRICE SKALA, Appellant, v FRANK SKALA, Respondent. — In an action for divorce, the plaintiff wife appeals from a judgment of the Supreme Court, Queens County (Lonschein, J.), entered April 19, 1985, which, upon a jury verdict in favor of the defendant husband, dismissed her complaint. Plaintiff's notice of appeal from a clerk's extract of the minutes of trial, filed July 5, 1983, is deemed a premature notice of appeal from the judgment entered April 19, 1985 (*see,* CPLR 5520 [c]).

Judgment affirmed, with costs.

There is ample evidence in the record to support the jury's verdict. A judgment of divorce will not be granted in this State where the plaintiff merely shows irreconcilable differences and incompatibility between the parties (*Warguleski v Warguleski,* 79 AD2d 1107; *Jorgensen v Jorgensen,* 67 AD2d 902; *Denny v Denny,* 65 AD2d 658, *affd* 48 NY2d 915). Furthermore, the court's instructions to the jury with respect to the elements of cruel and inhuman treatment and abandonment were proper. Where the divorce action is based upon such grounds, there is no public policy requiring the dissolution of a marriage merely because it is "dead" (*Hessen v Hessen,* 33 NY2d 406; *Kennedy v Kennedy,* 91 AD2d 1200). Plaintiff's reliance upon *Gleason v Gleason* (26 NY2d 28) is misplaced. There plaintiff sought a conversion divorce, which is one instance where the Legislature clearly intended that a marriage could be terminated without proof of fault. Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.

■ ANN L. SNOW et al., Appellants, v TOWN OF KENT et al., Respondents. — In a negligence action to recover damages for